Opinion filed July 26, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00262-CR

                                                    __________

 

                            MELISSA
ANN ALVARADO, Appellant  

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                  On
Appeal from the 132nd District Court

 

                                                           Scurry
County, Texas

 

                                                       Trial
Court Cause No. 9640

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted Melissa Ann Alvarado of taking a prohibited substance into a
correctional facility and assessed her punishment at confinement in the
Institutional Division of the Texas Department of Criminal Justice for a term
of ten years.  Tex. Penal Code Ann. § 38.11(b)
(West 2011).  The jury additionally assessed a fine of $5,000.  Appellant
challenges the sufficiency of the evidence supporting her conviction in two
issues.  We affirm.  

Background
Facts

Officer
Randy Ford of the Snyder Police Department observed appellant driving her
vehicle with an obscured license plate in the early morning hours of November
29, 2009.  Officer Ford recognized appellant’s vehicle, and he knew that
her driver’s license was invalid.  After stopping appellant and confirming the
invalid status of her driver’s license, he requested Officer Lea Tarter to come
to the scene to conduct a “pat down” search of appellant.  Her search did not
reveal the presence of weapons on appellant.  Officer Ford then transported
appellant to the Scurry County Jail in his patrol car.  He testified that,
while transporting appellant to the jail, he asked her if she had any
controlled or prohibited substances on her person and that he explained to her
that bringing such items into the jail would be an offense.

 After
arriving at the jail, Officer Ford requested Officer Tarter and Margaret
Harris, a female jailer, to conduct a strip search of appellant.  They took her
to a holding cell and asked her to disrobe.  Harris and Officer Tarter
testified that, as appellant was pulling her “hoody” sweater off, a rock-like
substance fell to the floor.  Harris and Officer Tarter both testified that
they personally observed the substance falling from appellant’s body.  Officer Ford
testified that the substance had the appearance and consistency of a rock of
crack cocaine.  DPS Chemist Dennis Hambrick testified that his testing of the
rock indicated that it contained cocaine. 

Standard
of Review

Appellant challenges the legal and factual sufficiency of the
evidence supporting her conviction in two issues on appeal.  We note at the
outset of our analysis that the Texas Court of Criminal Appeals has now held in
Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010), that there is
“no meaningful distinction between the Jackson v. Virginia[1]
legal-sufficiency standard and the Clewis[2]
factual-sufficiency standard”; that the Jackson v. Virginia standard is
the “only standard that a reviewing court should apply in determining whether
the evidence is sufficient to support each element of a criminal offense that
the State is required to prove beyond a reasonable doubt”; and that “[a]ll
other cases to the contrary, including Clewis, are overruled.”  Brooks,
323 S.W.3d at 895, 902, 912 (footnotes added).  Thus, a challenge to the
factual sufficiency of the evidence is no longer viable.  Accordingly, we will
consider the arguments advanced by appellant in support of her factual
sufficiency challenge in conjunction with our review of the legal sufficiency
of the evidence. 

To
determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. at 319; Brooks,
323 S.W.3d at 899; Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007);
Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000).  In
conducting a legal sufficiency review, we are required to defer to the jury’s
role as the sole judge of the witnesses’ credibility and the weight their
testimony is to be afforded.  Brooks, 323 S.W.3d at 899.  This standard
accounts for the factfinder’s duty to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson v. Virginia, 443 U.S. at 319; Clayton v.
State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  When the record
supports conflicting inferences, we presume that the factfinder resolved the
conflicts in favor of the prosecution and therefore defer to that
determination.  Jackson v. Virginia, 443 U.S. at 326; Clayton,
235 S.W.3d at 778.  Each fact need not point directly and independently to the
guilt of the defendant, as long as the cumulative force of all the
incriminating circumstances is sufficient to support the conviction.  Hooper,
214 S.W.3d at 13.

Appellant
asserts that the evidence supporting her conviction is deficient because there
is no evidence that she intentionally or knowingly took the prohibited
substance into the jail.  She asserts that the evidence is legally insufficient
because there is no evidence that she had any intent of possessing the rock of
crack cocaine or that she had knowledge that it was contained within her
apparel or on her body.[3] 
We disagree.

Mental culpability generally must be inferred from the circumstances under which a
prohibited act or admission occurs.  Smith v. State, 965 S.W.2d 509, 518
(Tex. Crim. App. 1998).  A jury may infer intent or knowledge from any facts that
tend to prove its existence, including the acts, words, and conduct of the
accused and the method of committing the crime.  Hart v. State, 89
S.W.3d 61, 64 (Tex. Crim. App. 2002).   When a defendant has exclusive
possession of the place where a controlled substance is found, her knowledge of
and control over the substance may be inferred.  See Poindexter v. State,
153 S.W.3d 402, 406 (Tex. Crim. App. 2005).  Harris and Officer Tarter
testified that the controlled substance in this case fell from appellant’s
body, a place clearly within her exclusive possession.  Accordingly, the jury
could have inferred that she intentionally or knowingly possessed the cocaine. 
Reviewing all of the evidence in the light most favorable to the verdict, we
conclude that any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Appellant’s two issues are
overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

            

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

July 26, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









                [1]Jackson v. Virginia, 443 U.S. 307  (1979).

 





                [2]Clewis
v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996).





                [3]Appellant
advanced the same argument in support of her factual sufficiency challenge.